**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH J. BLAZEK, | ) |
| | ) |
| Plaintiff, | ) Case No. 19-cv-1822 |
| | ) |
| v. | ) Removal from the Circuit Court of DuPage County, Illinois |
| | ) |
| ADT SECURITY SERVICES LLC | ) Case No.: 2018 L 001385 |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant ADT, LLC (improperly identified in the Complaint as ADT SECURITY SERVICES LLC) ("Defendant"), through its undersigned counsel, submits this Notice of Removal of the civil action entitled *Joseph J. Blazek v. ADT Security LLC,* Case No. 2018 L 001385 ("the Litigation"), from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois where it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446(a), Defendant provides the following basis supporting removal:

### TIMELY REMOVAL

1. On December 10, 2018, Plaintiff commenced this lawsuit by filing a Complaint in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois entitled *Joseph J. Blazek v. ADT Security LLC,* Case No. 2018 L 001385 (the "State Court Action").

2. On February 20, 2019, Plaintiff served Defendant, through its registered agent, with a copy of the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served in the State Court Action are attached as **Exhibit A**.

3. The Complaint alleges that Defendant unlawfully discriminated against Plaintiff based on his alleged disability and age, and retaliated against Plaintiff in violation of the Illinois

Human Rights Act ("IHRA"). (*See generally* **Ex. A**, Compl.) It also alleges various claims under the Illinois Workers Compensation Act, the Whistleblower Act, violation of the Illinois Personnel Record Act, and breach of contract. (*See id.*)

4. Defendant has filed no pleadings in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because Defendant filed it within thirty (30) days of service of the Complaint.

6. This removal is based on diversity jurisdiction under 28 U.S.C. § 1332. The United States District Court for the Northern District of Illinois, Eastern Division, has diversity jurisdiction over this action under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000, exclusive of interest and costs.

### DIVERSITY OF CITIZENSHIP

7. At all relevant times, Plaintiff was a citizen of the State of Illinois working out of Defendant's office in Oak Brook, Illinois and residing in Romeoville, Illinois. (*See* **Ex. A**, Compl. at ¶¶1-5, and signature block on p. 7.) For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

8. Defendant is a Limited Liability Corporation organized and existing under the laws of the State of Delaware. The sole member of Defendant is The ADT Security Corporation, which is a Delaware corporation with its principal place of business in Florida.

9. Because Plaintiff and Defendant are not citizens of the same state, there is complete diversity among the named parties under 28 U.S.C. § 1441(b)(1).

10. Removal is also proper because Defendant is not a citizen of the State of Illinois pursuant to 28 U.S.C. § 1441(b)(2).

11. Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

### AMOUNT IN CONTROVERSY

12. Courts consider economic, compensatory and punitive damages when determining whether the amount in controversy exceeds $75,000. *See Epstein v. Target Corp.*, No. 06 C 7025, 2007 WL 551552, at *3 (N.D. Ill. Feb. 15, 2007) ("[d]efendant provides three factual allegations to support removal: there exists an inference that the amount in controversy exceeds $75,000; Plaintiff's back-pay award alone could exceed $75,000; and the amount in controversy is met when considering Plaintiff's claim of compensatory and punitive damages")*; McCoy v. Gen. Motors Corp.*, 226 F. Supp. 939, 941 (N.D. Ill. 2002) (considering lost wages and emotional distress to determine whether the jurisdictional amount is met).

13. According to Plaintiff's Complaint, Defendant employed Plaintiff until April 27, 2016. (*See* **Ex. A**, Compl. at ¶ 5.)

14. At the time of his separation, Plaintiff was an alarm technician whose terms and conditions of employment were governed by a collective bargaining agreement with the International Brotherhood of Electrical Workers, Local Union No. 134. Under the terms of that agreement, Plaintiff's hourly wage rate was $31.07. Plaintiff alleges he worked an average of 42.5 hours per week, making his yearly salary approximately $68,000.

15. Plaintiff claims Defendant unlawfully discharged and retaliated against him, and among his laundry list of damages, seeks back pay from April 28, 2016 to the present (*See* **Ex. A**, Compl. at ¶ 43.) Thus, Plaintiff's back pay to date is approximately $200,000.

16. Plaintiff also is seeking damages for "greater emotional and physical damage" (*See* **Ex. A**, Compl. at ¶¶ 35, 47), loss of benefits, costs and attorneys' fees, compensatory and punitive damages, prejudgment interest, and liquidated damages. (*Id*. at pp. 6-7.)

17. While Defendant denies it is liable to Plaintiff, if Plaintiff prevailed on his claims, he could potentially recover damages in the form of past and future wage loss damages, as well as damages for emotional pain and suffering. *Priori v. Petco Animal Supply Stores, Inc.*, No. 14-CV-03264, 2015 WL 13654021, at *2 (N.D. Ill. Jan. 20, 2015) (citations omitted) (denying Plaintiff's motion for remand and identifying categories of available damages under the IHRA).

18. After each available damage increment is added to Plaintiff's potential lost wages, the aggregate amount in controversy can be fairly read to be more likely than not in excess of the $75,000 diversity jurisdiction threshold. Indeed, the amount in controversy is whatever is required to satisfy the plaintiff's demand in full. *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001). A removing defendant must show what the plaintiff stands to recover, not what her actual recovery is likely to be. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-43 (7th Cir. 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). This showing can be made by various means, including by reference to the allegations of the plaintiff's complaint. *Meridian*, 441 F.3d at 541-42; *see Priori*, 2015 WL 13654021, at *1 ("since the damage demand in a plaintiff's complaint does not serve as a binding limitation on the amount of her recovery under Illinois law, it does not conclusively establish the amount in controversy for purposes of a federal court's determination of diversity jurisdiction.").

### RESERVATION OF RIGHTS

19. Defendant's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are

4

hereby expressly reserved.

## CONCLUSION

20.     Defendant timely removes this case to federal court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of the Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE**, Defendant ADT SECURITY LLC, respectfully requests that this action be removed from the Circuit Court of DuPage County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

DATED:   March 15, 2019                                      ADT, LLC


                                                             By:  /s/ Carol A. Poplawski
                                                                  One of the Attorneys for Defendant


Carol A. Poplawski (ARDC No. 6192132)
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone:  312.558.1220
Facsimile:   312.807.3619
*carol.poplawski@ogletree.com*

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 15, 2019, she caused the foregoing *Notice of Removal* to be served by electronic mail and first class U.S. Mail, postage prepaid, upon Plaintiff:

> Joseph J. Blazek
> 734 Union Ave.
> Romeoville, IL 60446
> jblazekadt@comcast.net

The undersigned attorney certifies that on March 15, 2019, she caused a copy of the foregoing *Notice of Removal* to be served by Federal Express, upon:

> Office of the Circuit Court Clerk
> 505 County Farm Road
> Wheaton, Illinois 60187

/s/ Carol A. Poplawski
One of the Attorneys for Defendant

007116-000390
37747717.1