# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH J. BLAZEK, <br><br> Plaintiff, <br><br> v. <br><br> ADT SECURITY LLC, <br><br> Defendant. | Case No. 19 C 1822 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Defendant ADT Security LLC moves to dismiss all claims in Plaintiff Joseph J. Blazek's ("Blazek") Complaint. For the reasons stated herein, Defendant's Motion (Dkt. No. 9) is granted in part and denied in part.

## I. BACKGROUND

This case arises from an injury Blazek sustained while being employed at ADT Security as an alarm technician. (Compl. ¶ 1, Ex. 1 to Notice of Removal, Dkt. No. 1-1.) Blazek served as an ADT Security technician for about forty-five years. (*Id.*) On December 1, 2015, Blazek tripped on a pothole as he was walking in the ADT Security's employee parking lot, and he injured both his arm and knee. (Compl. ¶ 2.) According to the Complaint, Blazek was unable to get worker's compensation for the injury, and ADT Security informed Blazek that he had to continue working to receive pay. (*Id.*) Blazek apparently returned to work and,

because of this, was unable to recover properly from his injuries. (Compl. ¶ 3.) His injuries thus worsened, and his doctors informed him that he required surgery to stabilize his knee. (*Id.*)

On April 13, 2016, ADT Security's Regional HR Managers John Roberts ("Roberts") and Travis Miller ("Miller") visited Blazek and offered him a severance package on the condition that he leave the company by the end of the month. (Compl. ¶ 4.) Blazek agreed. (*Id.*) However, on April 27, 2016, Miller called Blazek into his office to sign his termination papers, which apparently did not include a severance package. (Compl. ¶ 5.) During this exchange, Blazek requested a union representative, but was denied one. (*Id.*) Blazek then called Roberts, who told Blazek to just sign the termination papers and he would receive his compensation. (*Id.*) That same day, Blazek received his final paycheck but received no severance package or worker's compensation. (Compl. ¶ 6.)

Afterwards, in June of 2016, Blazek apparently hired a workers' compensation attorney and filed a claim with the Illinois Workers Compensation Commission ("IWCC"). (Compl. ¶ 7.) His claim is still pending before the IWCC. (*Id.*) In September 2016, Blazek also filed a claim with the Illinois Department of Human Rights ("IDHR") for "harassment, forced retirement, denial

of severance package, and retaliation due to age and disability discrimination." (Compl. ¶ 8.) IDHR denied Blazek's claim, and Blazek appealed to the Illinois Human Rights Commission ("IHRC"). (Compl. ¶ 10.) The IHRC reversed the IDHR's decision and provided Blazek with a right to sue letter on September 10, 2018. (*Id.*) Finally, in August of 2016, Blazek also filed a claim against ADT Security with the U.S. Department of Labor for violation of the Whistleblower Act. (Compl. ¶ 11.)

Based on the foregoing, Blazek brought the instant action and asserts the following claims: (1) denial of worker's compensation under the Illinois Workers Compensation Act; (2) breach of contract for severance pay under the collective bargaining agreement; (3) a violation of the Illinois Whistleblower Act; (4) age discrimination under the Age Discrimination in Employment Act of 1967; (5) disability discrimination under the Americans with Disabilities Act; and (6) a violation of the Illinois' Personnel Records Review Act. Defendant now moves to dismiss all of Blazek's claims under Federal Rule of Civil Procedure 12(b)(6). Each claim will be discussed in turn.

## II. **ANALYSIS**

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457

(7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

**A. Illinois Workers Compensation Act**

Defendant argues that Blazek's claim for denial of benefits under the Illinois Workers Compensation Act (IWCA) is barred by the ICWA's exclusivity provision. The IWCA provides an administrative remedy for employee injuries "arising out of and in the course of the[ir] employment." 820 ILCS 305/11. The statute abrogates liability for all common law negligence claims through its two exclusivity provisions. *Baylay v. Etihad Airways P.J.S.C.*, 222 F. Supp. 3d 698, 702 (N.D. Ill. 2016) (citation omitted). The first, Section 5(a), provides, in relevant part:

> No common law or statutory right to recover damages from the employer . . . for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act . . .

820 ILCS 305/5(1). The second, Section 11, states that compensation provided by the IWCA "shall be the measure of the responsibility" of the employer. *Id.* at 303/11. Illinois courts have found that these exclusivity provisions aim to prevent employees from receiving double compensation for injuries suffered in the workplace. *See Baylay*, 222 F. Supp. 3d at 702 (collecting cases). It appears to the Court that Plaintiff has a workers' compensation claim pending before the relevant state administrative agency, the IWCC. (*See* Compl. ¶ 7.) As such, the claim Plaintiff now brings is barred by the IWCA's exclusivity provision and thus is dismissed.

**B. Breach of Contract**

Blazek complains that he was discharged for no cause and did not receive severance pay. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 3-5, Dkt. No. 12.) He cites to Article 13 of the Collective Bargaining Agreement ("CBA"), which states that an employee "who is discharged or otherwise dropped for cause, shall not be entitled to severance pay." (*Id.*) However, Blazek contradicts himself as he also asserts that he was terminated

for cause, specifically because of his injury and inability to do his work. (*See Id.*) Whatever the case, Blazek's claim appears to arise from a dispute over the meaning of a right derived from Article 13 of the CBA.

Defendant argues that Blazek's breach of contract claim is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and therefore must be dismissed. Section 103 preempts state law claims "founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (internal quotation marks omitted); *see also Nelson v. Steward*, 422 F.3d 463, 467-69 (7th Cir. 2005). Preemption under § 301 "covers not only obvious disputes over labor contracts, but also any claim masquerading as a state-law claim that nevertheless is deemed 'really' to be a claim under a labor contract." *Crosby v. Cooper B-Line Inc.*, 725 F.3d 795, 797 (7th Cir. 2013). Here, Blazek's claim is a dispute over the meaning of Article 13 of the CBA, which concerns his right to severance pay. Accordingly, his breach of contract claim is preempted by § 301.

Even as a § 301 claim for breach of severance pay, Blazek's claim fails. To bring a § 301 claim, Blazek should have first exhausted the CBA's grievance procedures or alleged that the

union breached its duty of fair representation. *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 501 (7th Cir. 1996). It appears to the Court that he has done neither. Blazek's Complaint is void of any reference to participating in the grievance procedures or alleging any violations by the union. While failing to exhaust grievance procedures is normally considered an affirmative defense and cannot serve as a ground for dismissal under Rule 12(b)(6), *Mosley v. Bd. of Educ. of City of Chi.*, 434 F.3d 527, 533 (7th Cir. 2006), Blazek's claim here is also barred by the statute of limitations. A claim brought under § 301 of the LMRA must be brought within six months of "the time a final decision on a plaintiff's grievance has been made or from the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that no further action would be taken on his grievance." *Chapple v. Nat'l Starch and Chemical Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999) (internal quotation marks and citation omitted). Blazek's alleged denial of severance occurred in April 2016, yet he filed the instant action over two years later, which exceeds the six-month statute of limitations. Moreover, as already mentioned, Blazek has not alleged any participation in a grievance procedure, which would have tolled the statute.

Accordingly, as the Complaint currently stands, any § 301 claim must be dismissed.

### C. Illinois Whistleblower Act

The Illinois Whistleblower Act (IWA), 740 ILCS 174/1 *et seq.*, protects employees who disclose information about suspected wrongdoing to a government agency. *Larsen v. Provena Hosp.*, 27 N.E. 3d 1033, 1043 (Ill. App. Ct. 2015). The law is intended to encourage reporting of wrongdoing or illegality by eliminating the threat of retaliation. *See Coffey v. DSW Shoe Warehouse, Inc.*, 145 F. Supp. 3d 771, 777 (N.D. Ill. 2015). To bring an IWA retaliation claim, Blazek must allege that (1) he reported information to a government agency (2) about activity he reasonably believed to be unlawful and (3) suffered an adverse action by his employer because of that disclosure. *See Sweeney v. City of Decatur*, 79 N.E. 3d 184, 188 (Ill. App. Ct. 2017).

Defendant contends that Blazek fails to state a retaliation claim under the IWA because Blazek's disclosure to a government agency occurred after the alleged adverse employment action—i.e. Blazek's termination. As such, Defendant contends that Blazek cannot satisfy the third prong, which requires that his disclosure to a government agency be the cause of his termination. The Court agrees. Plaintiff mentions two

disclosures: one to the Illinois Department of Human Rights on September 29, 2016, and another to the Department of Labor sometime in August of 2016. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss at 4.) Both disclosures occurred after Blazek's termination on April 27, 2016, and thus could not have caused the adverse action. *See Jaburek v. Foxx*, 813 F.3d 626, 623 (7th Cir. 2016) (rejecting retaliation claim where protected activity occurred after the alleged adverse action). Accordingly, Blazek fails to plead a claim for retaliation under the IWA. The claim is dismissed.

**D. Age Discrimination in Employment Act**

Defendant contends that Blazek has failed to allege facts sufficient to plead an age discrimination claim. To establish a prima facie case of age discrimination under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a), Blazek must establish the following elements: (1) he is a member of a protected class; (2) he was meeting his employer's legitimate performance expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly-situated individuals who are not members of his protected class. *See Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007). However, to survive a motion to dismiss under Rule 12(b)(6), Blazek need not allege facts

corresponding to each element of a prima facie case of age discrimination. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement.") Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks and citation omitted). The Seventh Circuit has determined that for employment discrimination claims, the plaintiff can allege them "quite generally" to withstand dismissal. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The Complaint "need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis added). It need only to "aver that the employer instituted a (specified) adverse employment action against the plaintiff" on the basis of his protected status. *Id.*

Here, Blazek alleges that he is over sixty-five years old, that he's worked for ADT Security for over forty-five years (giving rise to the inference that he performed his job

satisfactorily), and that his supervisor at ADT Security took an adverse action against him based on his age—namely, refusing to sign him up for training necessary to perform his job. Moreover, Blazek alleges that Coleman made jokes about his age and repeatedly informed Blazek of the date he was supposed to retire. Blazek has pled enough facts to state a plausible claim for discriminatory discharge based on his age. *See Tamayo*, 526 F.3d at 1081-86; *Heinze v. Southern Ill. Healthcare*, No. 08-672, 2010 WL 276722, at *3 (N.D. Ill. Jan. 19, 2010) (the plaintiff adequately stated discrimination sufficient to withstand Rule 12(b)(6) scrutiny by alleging her sex, age, and employment history, and asserting that the defendant took an adverse employment action against her based on her sex and age); *see also Farrell v. Butler Univ.*, 421 F.3d 609, 613-14 (7th Cir. 2005) (finding that "adverse job action is not limited solely to loss or reduction of pay or monetary benefits . . . It can encompass other forms of adversity as well") (internal quotation marks and citation omitted). Accordingly, Blazek's age discrimination claim withstands dismissal.

### E. Americans with Disabilities Act

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against "a qualified individual on the basis of disability in regard to job application procedures,

the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prove an ADA claim, Blazek must show: (1) he is disabled within the meaning of the ADA; (2) with or without reasonable accommodation, he is qualified to perform the essential functions of his job; and (3) he suffered an adverse employment action because of his disability. *See Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).

Defendant argues that Blazek's disability discrimination claim fails for two reasons: (1) Blazek is not disabled within the meaning of the ADA; and (2) there is no causal connection between Blazek's alleged disability and his termination. The Court finds that the first argument is dispositive and thus need not consider the second argument.

The ADA defines disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability; or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). "Merely having a physical injury or medical condition is not enough" to qualify as disabled under the ADA. *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011). An impairment substantially limits a major life activity when a person "is either unable to perform a

major life activity or is significantly restricted as to the condition, manner or duration under which the individual can perform the major life activity as compared to the average person in the general population." *Furnish v. SVI Sys., Inc.*, 270 F.3d 445, 450 (7th Cir. 2001) (citations omitted). To determine whether an impairment is substantially limiting, courts consider the nature and severity of the impairment, its duration or expected duration, and its permanent or long-term impact or its expected impact. *See* 29 C.F.R. § 1630.2(j)(2); *Prince v. Ill. Dept. of Revenue*, 73 F. Supp. 3d 889, 893 (N.D. Ill. 2010).

Here, Blazek appears to assert that his knee injury from tripping in ADT Security's employee parking lot constitutes a disability. The Seventh Circuit has explained that "[i]ntermittent, episodic impairments are not disabilities, the standard example being a broken leg." *Vande Zande Wis. Dept. of Admin.*, 44 F.3d 538, 544 (7th Cir. 1995). However, "it is possible for a broken leg to rise to the level of a disability where it is so chronic and severe that it substantially limits the major life activity of walking." *Gomez v. Dynamic Mfg., Inc.*, No. 12-cv-7396, 2013 WL 3270660, at *4 (N.D. Ill. June 27, 2013). "To be disabled with regard to the major life activity of walking, the employee must be 'substantially limited' in her

ability to walk, and the limitation must be permanent or long term, and considerable compared to the walking most people do in their daily lives." *EEOC v. Sears Roeburk & Co.*, 417 F.3d 789, 802 (7th Cir. 2005). Blazek was not substantially limited in his ability to walk. According to the Complaint, Blazek's doctor informed him that he could still work but advised him not to climb ladders or stairs. Moreover, Blazek's doctors informed him that he required corrective knee surgery, which he had been approved for and was scheduled to receive earlier this year. (*See* Compl. ¶ 26.) As such, he has not shown that his disability is permanent or long term. Accordingly, Blazek has failed to state a claim for disability discrimination. *See Gomez*, 2013 WL 3270660, at *4 (dismissing ADA claim where plaintiff did not sufficiently allege his broken leg substantially limited a major life activity and that his limitation was a permanent or long-term once); *Walton v. U.S. Steel, Corp.*, No. 2:10-CV-188, 2010 WL 3526263, at *3 (N.D. Ind. Sept. 2, 2010) (dismissing complaint where unclear allegations of disability did not suggest plausible claim).

## F. Illinois Personnel Records Review Act

The Illinois Personnel Records Review Act (IPRRA), 820 ILCS 40/1 *et seq*. provides a private right of action for employees who are denied access to personnel records or whose records are

divulged without written notice. *Id.* at §§ 2, 7, 12(c). Blazek alleges that he requested copies of his personnel files from ADT Security, to no avail. He then filed a complaint with the Illinois Department of Labor ("IDOL"), which notified ADT Security to give Blazek access to his files. Even after IDOL's involvement, ADT Security did not tender the files to Blazek. Defendants, however, assert that an exception applies: § 10(f). Section 10(f) states that an employee's right to his personnel records does not apply to "[r]ecords relevant to any other pending claim between the employer and employee which may be discovered in a judicial proceeding." 820 ILCS 40/10(f). Defendants contend that since Blazek has a claim pending, his claim must fail under § 10(f). However, Defendants do not specify which claims pending bar the instant action. If they are referring to Blazek's Illinois Department of Human Rights ("IDHR") claim, then they are misguided. The IDOL interpreted "judicial proceeding" to exclude proceedings before the IDHR and EEOC. *Walker v. Wildwood Indus.*, No. 07-1272, 2008 WL 2782823, at *3 (N.D. Ill. July 15, 2008).

Furthermore, the Court notes that the Defendant's briefings are largely devoid of citations or adequate support for propositions made. Courts are not "obliged to research and construct legal arguments for the parties, especially when they

are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011). "Undeveloped and unsupported arguments may be deemed waived." *United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011). Accordingly, Blazek's claim under the IPRRA may proceed. The Court notes, however, that Defendants have offered to provide a copy of Blazek's personnel file to him. If Blazek is satisfied with this arrangement, he may withdraw his IPPRA claim.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 9) is granted as to all claims, except Blazek's ADEA and IPPRA claims. All claims dismissed are dismissed without prejudice.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

Dated: 5/30/2019