**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH J. BLAZEK,<br><br>    Plaintiff,<br><br>  v.<br><br>ADT SECURITY, LLC,<br><br>    Defendant. | Case No. 19 C 1822<br><br>Judge Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Defendant ADT Security LLC moves to dismiss Plaintiff Joseph Blazek's Amended Complaint (Dkt. No. 21). For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 23) is granted in part and denied in part.

## I. BACKGROUND

The Court previously ruled on a Motion to Dismiss in *Blazek v. ADT Security LLC*, 2019 WL 2297317 (N.D. Ill. May 30, 2019) (granting in part and denying in part Defendant's first Motion to Dismiss). Blazek served as an ADT Security Technician for about forty-five years. *Id.* at *1. This case arises from an incident in the ADT Security's employee parking lot, where Blazek tripped in a pothole and injured both his arm and knee. *Id.* at *1. In his original Complaint, Blazek asserted the following claims: (1) denial of worker's compensation under the Illinois Workers

Compensation Act; (2) breach of contract for severance pay under a collective bargaining agreement; (3) a violation of the Illinois Whistleblower Act; (4) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); (5) disability discrimination under the Americans with Disabilities Act ("ADA"); and (6) a violation of the Illinois Personnel Records Review Act ("IPRRA"). *Id.* The Court previously dismissed all of Blazek's claims except his claim of age discrimination under the ADEA and his claim under the IPRRA. *Id.* at *6.

Blazek subsequently filed an Amended Complaint. Blazek's factual allegations remain largely the same. In his Amended Complaint, Blazek brings claims under the ADEA, the IPRAA, the Illinois Workers Compensation Act, 820 ILCS 305/1, *et seq.*, the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Defendant moves to dismiss Blazek's Illinois Workers Compensation Act, Illinois Whistleblower Act, and Americans with Disabilities Act claims under Federal Rule of Civil Procedure 12(b)(6).

## II. **LEGAL STANDARD**

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). To overcome a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is

plausible on its face." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). When considering a 12(b)(6) motion to dismiss, the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III. DISCUSSION

#### A. Illinois Workers Compensation Act

Blazek had a pending claim for Temporary Total Disability ("TTD") with the IWCC when the Court issued its previous decision. *Blazek*, 2019 WL 2297317, at *1. The Illinois Workers Compensation Act provides an administrative remedy for employee injuries "arising out of and in the course of the[ir] employment." 820 ILCS 305/11. The statute abrogates liability for all common law negligence claims through its two exclusivity provisions. *Baylay v. Etihad Airways P.J.S.C.*, 222 F.Supp.3d 698, 702 (N.D. Ill. 2016) (citation omitted). These exclusivity provisions prevent employees from receiving double compensation for workplace injuries. *See id.* at 702 (collecting cases). Subject to these

exclusivity provisions, the Court dismissed Blazek's workers compensation claim because the Court could not hear the claim while it was pending before the IWCC. *Blazek*, 2019 WL 2297317, at *2. In his Amended Complaint, Blazek states that the IWCC has since denied his TTD claim. Blazek asserts he has exhausted all administrative remedies and now seeks judicial review of the IWCC's denial of TTD benefits.

In workers' compensation proceedings, courts exercise "special statutory jurisdiction" and strict compliance with the statute is required to vest the court with subject-matter jurisdiction. *Conway v. Illinois Workers' Compensation Commission*, 2019 IL App (4th) 180285WC, ¶ 12. The relevant statute dictates detailed procedure that must be followed in order for a court to have jurisdiction to review a workers' compensation proceeding. These procedures include filing suit within 20 days of receipt of notice of the IWCC's decision, providing the clerk of the reviewing court a written request for a summons and filing "with the Commission notice of intent to file for review." 820 ILCS 305/19(f)(1).

Blazek does not claim to have done any of these things in his Amended Complaint. Because these procedures are required for jurisdiction to vest, failure to follow them is fatal to the claim. Accordingly, Blazek's claim under the Illinois Workers

Compensation Act is dismissed without prejudice. However, the Court recognizes that Blazek may have taken the appropriate steps even if he failed to allege as much in his Amended Complaint. The Court will grant Blazek one final opportunity to amend his Complaint to state an IWCA claim; in his amended pleadings, Blazek must explain how he followed the steps necessary to vest this Court with jurisdiction over his appeal. Blazek may file an Amended Complaint within thirty (30) days.

### B. Illinois Whistleblower Act

Blazek brings a claim under the Illinois Whistleblower Act ("IWA"), 740 ILCS 174/1, *et seq*. The IWA protects employees who disclose information about suspected wrongdoing to a government agency. *Larsen v. Proven Hops.*, 27 N.E. 3d 1033, 1043 (Ill. App. Ct. 2015). To bring an IWA claim, a plaintiff must allege that (1) he reported information to a government agency; (2) about activity he reasonably believed to be unlawful; and (3) suffered an adverse action by his employer because of that disclosure. *See Sweeney v. City of Decatur*, 79 N.E. 3d 184, 188 (Ill. App. Ct. 2017). The Court previously dismissed Blazek's IWA claim because Blazek's disclosure to a government agency "occurred after the alleged adverse employment action." *Blazek*, 2019 WL 2297317, at *3. Plaintiff previously mentioned "two disclosures: one to the Illinois Department on Human Rights on September 29, 2016, and

another to the Department of Labor sometime in August of 2016." *Id.* These disclosures occurred after Blazek's April 27, 2016, termination and could not have caused the adverse action. *Id.*

Blazek now pleads that he reported alleged wage theft and other misconduct to his union prior to his termination. In Illinois, however, "to qualify as a governmental entity, an entity must perform a governmental function." *Barry v. Ret. Bd. of Firemen's Annuity & Benefit Fund of Chi.*, 828 N.E. 2d 1238, 1263 (Ill. App. Ct. 2005), *abrogated on other grounds by Kouzoukas v. Ret. Bd. of Policemen's Annuity & Benefit Fund of City of Chi.*, 917 N.E. 2d 999 (Ill. 2009). Illinois courts define "governmental function" as a "government agency's conduct that is expressly or impliedly mandated or authorized by constitution, statute, or other law that is *carried out for the benefit of the general public.*" *Id.* at 1263 (emphasis in original). A union does not fit this description. Blazek's reports to his union representative cannot serve as a report to a governmental agency under the IWA. The new facts Blazek pleads in his Amended Complaint therefore do not remedy the defect in his previous Complaint and as a result, his claim under the IWA is dismissed with prejudice.

### C. Americans with Disabilities Act

Blazek also brings an ADA claim. A "plaintiff advancing a claim under the ADA must allege that he is disabled but, with or

without reasonable accommodation, can still do the job." *Freeman v. Metropolitan Water Reclamation District of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (citing *Tate v. SCR Medical Transportation*, 809 F.3d 343, 345 (7th Cir. 2015)). The plaintiff must also allege that he suffered "from an adverse employment decision because of" his disability. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).

The Court previously held that Blazek was not disabled within the meaning of the ADA. *Blazek*, 2019 WL 2297317, at *4. Blazek now argues that even though he was not disabled under the ADA, ADT believed him to be disabled, and fired him for that reason. Defendant complains that Blazek did not mention this in his Amended Complaint and should not be allowed to raise a "perceived disability" claim in his response brief.

While Blazek's Amended Complaint does not cite to the ADA and does not use the words "perceived disability," *pro se* complaints and motions are to be construed liberally and held to less stringent standards than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In his Amended Complaint, Blazek claims that he tripped in a pothole in ADT's parking lot and injured his arm and knee and, instead of being allowed surgery for his injuries, ADT "used it as an excuse to claim I was too disabled to do my job." (Am. Compl. at 8.)

The ADA statute defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Someone is "regarded as having such an impairment" when "he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* § 12102(3)(A).

Blazek's allegations meet the requirements to state an ADA claim. First, he meets the pleading standard for "being regarded" as disabled because he has pleaded facts alleging that ADT subjected him to a prohibited action—*i.e.,* termination—because of a perceived impairment. Second, Blazek has alleged he was qualified to perform the "essential functions" of his job because he pleaded facts stating that he had been working at ADT for 45 years and had "maintained a clean work record, got good performance reviews from my supervisors, and got commendations from customers." (Am. Compl. at 1.) Third, Blazek has alleged an adverse employment action—termination—as a result of the supposed disability. Accordingly, Blazek has properly stated a claim under the ADA, and his ADA claim will be allowed to proceed.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 23) is granted in part and denied in part. Blazek's claims under the Illinois Workers Compensation Act and the Illinois Whistleblower Act are dismissed. Blazek's claim for disability discrimination under the Americans with Disabilities Act can proceed alongside his ADEA and IPRRA claims, which the Court allowed in its first opinion (Dkt. No. 18) in this case.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 12/11/2019