IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH J. BLAZEK,

          Plaintiff,

    v.

ADT SECURITY LLC,

          Defendant.

No. 19-cv-01822
Judge Franklin U. Valderrama

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph J. Blazek (Blazek) worked as a residential alarm system installer for Defendant, ADT SECURITY LLC (ADT). ADT fired Blazek after he was injured on the job and supposedly unable to perform his job. Blazek filed suit against ADT alleging that ADT (1) discriminated against him on the basis of age and disability, violating the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 623 *et seq.* and the Americans with Disability Act (ADA), 42 U.S.C. § 1201 *et seq.*, and (2) failed to return his personnel file, violating the Illinois Personnel Records Review Act (IPRRA), 820 ILCS 40 *et seq.* R. 21, First Amended Compl.[1] (FAC).

Before the Court is ADT's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. R. 51, Mot. Summ. J. For the reasons stated below, ADT's motion is granted.

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

## Background

### I.   Procedural History of ADT's Motion for Summary Judgment

ADT filed its motion for summary judgment on September 25, 2020. R. 46. The original briefing schedule, entered on September 10, 2020, required Blazek to file his response by October 23, 2020. R. 43. Blazek did not file a response. This case was reassigned to this Court on September 28, 2020. R. 50. Based on this Court's standing order regarding citations, ADT filed an amended motion for summary judgment on September 30, 2020. R. 51. Approximately thirty days later, ADT filed a reply in support of its motion. R. 53. This Court entered a minute entry explaining that it would rule on ADT's motion by CM/ECF. R. 56. Shortly thereafter, Blazek filed a motion for reconsideration of ADT's motion for summary judgment, which the Court construed as a motion for leave to file a response to ADT's motion for summary judgment. R. 57. The Court, in recognition that district courts may "exercise their discretion in a more lenient direction," especially when one of the parties is *pro se*, granted Blazek leave to file a response to ADT's motion for summary judgment. *See Cartwright v. Cooney*, 2013 WL 2356033, at *3 (N.D. Ill. May 29, 2013) (internal citations omitted). R. 61. In response to ADT's motion, Blazek filed a Declaration, statement of facts, and accompanying exhibits, and response to ADT's statement of facts, but did not file any response brief containing argument or substantively addressing ADT's memorandum in support of its motion for summary judgment. R. 63, 64, 65, 67-69. ADT then filed its reply and response to Blazek's statement of facts. R. 70, 71.

## II.    Local Rule 56.1 Statements and Responses

As a preliminary matter, the Court must address the parties' Local Rule 56.1 statements of material facts. R. 48, DSOF; R. 65, Pl.'s Resp. DSOF; R. 64, PSOAF; R. 70, Def.'s Resp. PSOAF.[2] When "a party moves for summary judgment in the Northern District of Illinois, it must submit a memorandum of law, a short statement of undisputed material facts [(L.R. 56.1 Statement)], and copies of documents (and other materials) that demonstrate the existence of those facts." *ABC Acquisition Co., LLC v. AIP Prod. Corp.*, 2020 WL 4607247, at *7 (N.D. Ill. Aug. 11, 2020) (citing N.D. Ill. Local R. 56.1(a)). The Local Rule 56.1 statement must cite to specific pages or paragraphs of the documents and materials in the record. *Id.* (citing *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 818 (7th Cir. 2004)). Under Local Rule 56.1(b) and (e), the nonmovant must counter with a response to the separate statement of facts, and either admit each fact, or, "[t]o dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact." N.D. Ill. Local R. 56.1(e)(2)–(3). "Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." *Id.*; *see Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule,

---

[2]Citations to the parties' Local Rule 56.1 Statements of Material Facts are identified as follows: "DSOF" for ADT's Statement of Undisputed Facts (R. 48); "Pl.'s Resp. DSOF" for Blazek's Response to ADT's Statement of Undisputed Facts (R. 65); "PSOAF" for Blazek's Statement of Additional Facts (R. 64); and "Def.'s Resp. PSOAF" for ADT's Response to Blazek's Statement of Additional Facts (R. 70).

those facts are deemed admitted for purposes of the motion."); *see also Daniels v. Janca*, 2019 WL 2772525, at \*1–2 (N.D. Ill. July 2, 2019). If the non-moving party asserts additional facts not included in the moving party's statement of facts, the non-moving party is to file a statement of additional material facts "that attaches any cited evidentiary material not attached to the [moving party's statement of facts] or the non-moving party's response [thereto]." N.D. Ill. Local R. 56.1(b)(3). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019). Local Rule 56.1 "aims to make summary-judgment decisionmaking manageable for courts." *Id.* at 415.

The Local Rule 56.1 requirements apply to *pro se* litigants. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to general dispensation from the rules of procedure or court imposed deadlines."); *Harris v. Coppes*, 2019 WL 2435847, at \*1 (N.D. Ill. 2019) ("[Plaintiff's] *pro se* status does not excuse him from complying with Local Rule 56.1.") (collecting cases).

As ADT points out in its reply, many of Blazek's denials to ADT's statement of material facts are evasive, or fail to cite to any evidentiary material that controverts the asserted fact. Reply at 2; *see* Pl.'s Resp. DSOF ¶¶ 12, 20, 25, 28, 30, 31, 36, 41. Other denials purport to impermissibly change Blazek's own deposition testimony.

4

Reply at 2–3; *see* Pl.'s Resp. DSOF ¶¶ 12, 14, 19, 37, 41; *Com. Underwriters Ins. Co. v. Aires Env't Servs., Ltd.*, 259 F.3d 792, 799 (7th Cir. 2001) (a party may not "'patch-up potentially damaging deposition testimony' with a contradictory affidavit.") (citing *Maldonado v. U.S. Bank*, 186 F.3d 759, 769 (7th Cir.1999)). Finally, in his unsigned Declaration purporting to deny certain facts, Blazek includes denials without citation to the record, relies upon hearsay to controvert facts, and depends upon documents not produced in discovery in this matter. Reply at 3; *see* Def.'s Resp. PSOAF ¶¶ 5, 6, 7, 10, 11, 14, 18, 20, 21, 22, 23, 29.

As a result, where Blazek did not respond to certain purported facts of ADT's by offering admissible evidence of his own, the Court accepts as true the facts set forth in ADT's Local Rule 56.1 statement, "to the extent th[ose] facts [a]re supported by admissible and docketed evidence." *Kreg*, 919 F.3d at 411 (internal quotation marks omitted). The Court also will not consider Blazek's denials wherein Blazek seeks to defeat summary judgment by contradicting his own deposition testimony. *LaFary v. Rogers Group*, 591 F. 3d 903, 908 (7th Cir. 2010). To the extent Blazek's Declaration includes statements without citation to the record, or where Blazek lacks foundation for an assertion, the Court will not consider those statements. *See, e.g.*, *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (finding portions of an affidavit not based on personal knowledge to be speculative and lacking in foundation) (citing *Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.*, 155 F.3d 883, 888 (7th Cir. 1998) (Affidavit testimony "that was necessarily speculative and lacking in foundation ... is insufficient.")).

5

However, to the extent Blazek supports his denials of ADT's statement of facts, or his additional statements of fact, with admissible and docketed evidence, the Court will consider them. N.D. Ill. Local R. 56.1(b)(2)–(3).

## III.    Material Facts

The following facts are set forth favorably to Blazek, the non-movant, as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012); *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003). While the Court draws all reasonable inferences from the facts in Blazek's favor, the Court does not "necessarily vouch[] for their accuracy." *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 281 (7th Cir. 2015) (citation omitted); *see also Knopick v. Jayco, Inc.*, 895 F.3d 525, 527 (7th Cir. 2018) (citation omitted) ("Given this summary judgment lens, we do not vouch for the objective truth of all of these facts."). This background section details all material undisputed facts and notes where facts are disputed.

### A. Blazek's Employment

Blazek was employed by ADT as a residential installer until April 27, 2016. DSOF ¶ 4, PSOAF ¶ 1. As a residential installer, Blazek's duties were to install and repair alarm systems. DSOF ¶¶ 6–7. He typically worked alone. DSOF ¶ 8. Blazek was a member of a bargaining unit represented by the International Brotherhood of Electrical Workers (IBEW) Local 134. DSOF ¶ 4. The terms and conditions of his employment were governed by a collective bargaining agreement. DSOF ¶ 5.

**B. The Incident**

On December 1, 2015 Blazek was emptying his truck in the parking lot of ADT's Oak Brook office, when he tripped in a pothole, injuring his knee and wrist. DSOF ¶ 9. Two supervisors, Ken Bobak (Bobak) and Ron Fiegge came out to assist him. PSOAF ¶ 9. Bobak drove Blazek to the hospital. *Id*. Blazek was treated at the hospital for knee and arm pain, instructed to follow up with his doctor, and released. DSOF ¶¶ 9, 11; PSOAF ¶ 9. Blazek's wife drove him home. PSOAF ¶ 10. He was off work for eight days. DSOF ¶ 11.

On January 18, 2016, Blazek's doctor released him for light duty work with no lifting or carrying greater than ten pounds. DSOF ¶ 12. As a result of these restrictions, Blazek was unable to perform his duties as a residential installer, so he was given desk duty. DSOF ¶ 13.

Blazek subsequently returned to work as a residential installer, but on March 9, 2016, tripped and fell while climbing stairs at a customer's home, injuring his knee and wrist. DSOF ¶¶ 14, 26. Blazek was seen at Occupational Health Centers of Illinois and advised to not use his left wrist, squat, kneel, or climb stairs or ladders. PSOAF ¶ 13, Pl.'s Resp. DSOF ¶ 15. The restrictions prevented Blazek from working as a residential installer, so he was placed on light duty work delivering parts. Pl.'s Resp. DSOF ¶ 16.

The March 9 fall caused a tear of Blazek's medial meniscus. PSOAF ¶ 15. Blazek was advised that without surgery his knee would give out. *Id*. Blazek's return to work note stated that "Permanent. No stairs. No ladders." *Id*. Blazek admits that

7

his work restrictions became permanent. Pl.'s Resp. DSOF ¶ 29. The only available position at ADT's Oak Brook office was a non-union commission only sales position. DSOF ¶ 31. Blazek admits he did not want a sales job, that he had never sold anything, and that he could not do a sales job because a sales job required the same physical activities that he was restricted from performing as an installer. Pl.'s Resp. DSOF ¶¶ 32–34.

### C. Termination

Jim Nixdorf (Nixdorf), ADT's Director of Labor Relations, who worked in Florida, made the decision to terminate Blazek's employment with ADT. DSOF ¶¶ 20–21. Nixdorf decided to terminate Blazek's employment because Blazek was not able to perform the essential duties of his job due to his permanent work restrictions and the absence of any other position that Blazek was capable of performing and wanted. DSOF ¶ 36. Nixdorf did not know Blazek's age when he made the decision to terminate Blazek. DSOF ¶ 23.

### D. Personnel File Request

Sometime in the first half of 2016, Blazek asked ADT to see his personnel file. DSOF ¶ 41. ADT informed Blazek that he could view his personnel file, but someone needed to accompany him when he reviewed the personnel file, and ADT never gave him this opportunity. *Id.* Blazek contends that he asked to see his personnel file several times before 2016, and that Human Resources staff continually told him they did not have time to accommodate this request. Pl.'s Resp. DSOF ¶ 41. Blazek filed a complaint with the Department of Labor due to ADT's failure to provide him access

8

to his personnel file. PSOAF ¶ 29. ADT never provided Blazek with his personnel file prior to the initiation of this lawsuit. DSOF ¶ 42.

Blazek subsequently filed suit against ADT asserting claims for breach of contract, and violations of the Illinois Whistleblower Act, Illinois Workers Compensation Act, the ADEA, ADA, and IPRRA. FAC. The previous court dismissed Blazek's claims for breach of contract and violations of the Illinois Whistleblower Act and Illinois Workers Compensation Act. R. 18, 29. ADT now seeks summary judgment on all of Blazek's remaining claims. Mot. Summ. J.

## Legal Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of showing that there is no genuine dispute and that they are entitled to judgment as a matter of law. *Carmichael v. Village of Palatine*, 605 F.3d 451, 460 (7th Cir. 2010); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). If this burden is met, the adverse party must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 256. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Parker v. Brooks Life Sci.,*

9

*Inc.*, 39 F.4th 931, 936 (7th Cir. 2022) (internal quotation marks and citations omitted). In evaluating summary judgment motions, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court may not weigh conflicting evidence or make credibility determinations, *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011), and must consider only evidence that can "be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

## Analysis

### I.    ADEA and ADA Claims

#### A. ADEA Claim

Blazek, who is seventy-three years old,[3] alleges that ADT impermissibly discriminated against him based on his disability and age when it terminated his employment. FAC at 7–8.

The ADEA makes it unlawful for an employer to take adverse employment action against an individual because of the individual's age. 29 U.S.C. § 623(a)(1). The ADEA's protections extend to individuals who are 40 years of age or older. 29 U.S.C. § 631(a). A plaintiff can prove an ADEA claim under either the direct or indirect method of proof. *Zayas v. Rockford Mem'l Hosp.*, 740 F.3d 1154, 1157 (7th Cir. 2014). In recent years, however, the Seventh Circuit has moved away from— while not abandoning completely—these two methods, instead instructing that,

---

[3]Based on Blazek's First Amended Complaint, he was 66 years old in 2016. Although ADT denies the entire paragraph containing this allegation in its Answer (R. 30 at ¶ 17), ADT seemingly concedes that Blazek is in the protected class based on his age in its Motion, and based on his years worked at ADT. Memo. Summ. J. at 7–9; Answer ¶ 1.

"[e]vidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself—or whether just the 'direct' evidence does so, or the 'indirect' evidence. Evidence is evidence." *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The ultimate question, then, is whether there is evidence that "would permit a reasonable factfinder to conclude that the plaintiff's [disability] caused the discharge or other adverse employment action." *Id.*; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368 (7th Cir. 2019) (assessing the evidence in an ADEA claim "as a whole, rather than asking whether any particular piece of evidence proves the case by itself.") (quoting *Ortiz*, 834 F. 3d at 765)).

To survive summary judgment, a plaintiff must adduce evidence suggesting that "but for his age, the adverse action would not have occurred." *Phillipson v. Wolf*, 831 F. App'x 212, 216 (7th Cir. 2020) (internal citations omitted). Blazek does not identify direct evidence of discrimination based on age or disability, and for this reason the Court analyzes his claims using the familiar burden-shifting *McDonnell Douglas* framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Rooney v. Koch Air, LLC*, 410 F.3d 376, 380 (7th Cir. 2005). Under that framework, to establish a prima facie case of age discrimination, a plaintiff must show that: (1) he was over forty years of age; (2) he was meeting his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated, substantially younger employees were treated more favorably. *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771–72 (7th Cir. 2002).

11

If the plaintiff meets that burden, then the employer must "set forth a legitimate nondiscriminatory reason for the adverse employment action which if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment actions." *Nichols v. Southern Illinois University-Edwardsville*, 510 F. 3d 772, 783 (7th Cir. 2007). "If the employer satisfies its burden, the burden shifts back to the plaintiff to prove that the proffered reason was pretextual." *Walker v. Glickman*, 241 F.3d 884, 889 (7th Cir. 2001). Pretext is defined as "a dishonest explanation, a lie, rather than an oddity or an error." *Sweatt v. Union Pacific R. Co.*, 796 F.3d 701, 709 (7th Cir. 2015). To establish pretext, the plaintiff must show either that the employer was motivated by a discriminatory reason or that the proffered reason is "unworthy of credence." *Zaccagnini v. Charles Levy Circulating Co.*, 338 F.3d 672, 675–676 (7th Cir. 2003).

It is undisputed that Blazek—who was sixty-six years old when he was fired—was protected from discrimination under the ADEA. ADT argues that Blazek's ADEA claim fails because: (1) Nixdorf, the person who decided to terminate Blazek's employment, did not know Blazek nor his age; (2) Blazek cannot prove the second and fourth elements of his prima facie case—that he was meeting ADT's legitimate job expectations, and that ADT treated similarly situated employees who were not members of his protected class more favorably; and (3) Blazek cannot establish pretext. R. 49, Memo. Summ. J. at 8–9.

As previously noted, Blazek did not file a response in opposition to ADT's motion for summary judgment. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d

560, 562 n.2 (7th Cir. 1996) (plaintiff abandoned claim after failing to respond to arguments in defendant's motion for summary judgment); *see also Barnes v. Nw. Repossession, LLC*, 210 F. Supp. 3d 954, 970 (N.D. Ill. 2016) (collecting cases holding same). Further, "it is not the court's place to take up [Blazek's] representation and fashion arguments for [him]." *Perrywatson v. United Airlines, Inc.*, 916 F. Supp. 2d 866, 877 (N.D. Ill.), *aff'd sub nom. Perrywatson v. United Air Lines, Inc.*, 527 F. App'x 559 (7th Cir. 2013). No matter, because it is ADT's burden to establish that it is entitled to summary judgment. The Court construes ADT's motion in the light most favorable to Blazek as the non-movant, and the Court has endeavored to understand all of Blazek's claims based on the operative complaint in this matter, and Blazek's various filings in response to ADT's motion for summary judgment, including Blazek's Declaration (R. 63), Blazek's statement of facts in opposition to ADT's motion and exhibits (R. 64), and Blazek's responses to ADT's statement of undisputed facts (R. 65).

As an initial matter, Blazek does not dispute that the decisionmaker, Nixdorf, did not know his age. DSOF ¶ 23. Although Blazek argues that Nixdorf was not the decisionmaker, and two other ADT employees were the actual decisionmakers, Blazek's contention is not supported by any admissible evidence, and is contradicted by Blazek's own deposition testimony where he admitted he did not know the identity of the decisionmaker. R. 48-1 at 12, 43 ("Q. Okay. Do you know who made the decision

to terminate your employment? A. No."). Accordingly, the Court does not find that Blazek's contention about the identity of the decisionmaker impacts the analysis.

Nevertheless, Blazek has failed to establish the second element of an ADEA claim, that he was meeting ADT's legitimate job expectations, because he concedes that his physical restrictions were permanent and prevented him from performing his job as a residential installer in the field. Pl.'s Resp. DSOF ¶¶ 16, 29; *see Phillipson*, 831 F. App'x at 216 (affirming district court's grant of summary judgment to employer where plaintiff failed to establish he was meeting his employer's legitimate expectations, therefore "dooming his [ADEA] claim.").

Further, Blazek also fails to satisfy the third element of his ADEA claim as he has not identified younger employees that received more favorable treatment under like circumstances. In his PSOAF, Blazek includes statements regarding the purported treatment by ADT of other, younger employees. PSOAF at ¶¶ 20–22. However, Blazek does not include any citation to support these statements, and does not include information relevant to assess whether those employees are, in fact, similarly situated. Thus, the Court does not consider those statements for purposes of evaluating whether there is any disputed fact regarding treatment of similarly situated employees. *Joseph P. Caulfield*, 155 F.3d at 888. For this independent reason, his claim also fails. *McDaniel*, 940 F.3d at 369 (affirming summary judgment where plaintiff failed to identify similarly situated employees that would permit a factfinder to conduct a "meaningful comparison[.]") (internal citations omitted).

14

Because Blazek has not established a prima facie case of age discrimination, the Court does not reach the question of whether there was pretext. Thus, summary judgment on Blazek's ADEA claim is granted.

### B. ADA Claim

Blazek also asserts a disability discrimination claim under the ADA. FAC at 8–9.

The "ADA prohibits employers from discriminating against qualified individuals due to a disability." *Rowlands v. United Parcel Serv.-Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) (citation omitted). Traditionally, a plaintiff can "proceed under either the direct or indirect method of proof to establish his claim." *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 853 (7th Cir. 2015). To prove a disability discrimination claim under the direct method, a plaintiff must show that: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job with or without a reasonable accommodation; (3) he suffered an adverse employment action; and (4) the adverse action was caused by his disability. *Kurtzhals v. City of Dunn*, 969 F.3d 725, 728 (7th Cir. 2020). Under the indirect method, the plaintiff must first "establish[ ] a prima facie case by showing: (1) that [she] is disabled under the ADA; (2) that [she] was meeting [her] employer's legitimate expectations; (3) that [she] suffered an adverse employment action; and (4) that similarly situated employees without a disability were treated more favorably." *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 684 (7th Cir. 2014). As explained in Section I(A), *supra*, the Court is required to consider the evidence as a whole. *See Ortiz*, 834 F.3d

at 765. A plaintiff can state claims for ADA discrimination on the basis of "actual" or "perceived" disability. *Baker v. Chicago Park Dist.*, 1999 WL 519064, at *5 (N.D. Ill. July 15, 1999). To succeed upon a "perceived" disability claim, Blazek is required to show that ADT "perceived him as having an impairment that substantially limited one or more of his major life activities." *Id.* at *6.

Here, ADT disputes that Blazek satisfied any element of a disability claim. Memo. Summ. J. at 10–12. ADT argues that it is entitled to summary judgment on Blazek's ADA claim because: (1) there is no evidence that Nixdorf, the person who made the termination decision, regarded Blazek as disabled; (2) assuming that Nixdorf did perceive Blazek as disabled, Blazek fails to adduce any evidence demonstrating that, at the time of the employment decision, he could perform the essential functions of the installer position; and (3) there is no evidence that Blazek was terminated because of a perceived disability. *Id.* at 11. The Court addresses ADT's arguments in turn, as necessary.

At the outset, the Court notes that Blazek has not advanced any argument that he is disabled. FAC; R. 63, Declaration; Pl.'s Resp. DSOF; PSOAF. Blazek instead appears to be pursuing a "perceived disability" claim[4] under the ADA. For purposes of a perceived disability claim, "[a] person is regarded as disabled when the employer,

---

[4]In Blazek's response opposing ADT's second motion to dismiss, Blazek asserted that "ADT unlawfully discriminated against me because of a perceived disability, even though I was not actually disabled under the relevant legal test" and that he "only needed surgery to be able to return to work." R. 25, Response to Defendant's Motion to Dismiss First Amended Complaint. Thus, it appears Blazek's ADA claim is not based on a theory of actual disability, but instead on perceived disability. As acknowledged by ADT, the Judge previously assigned to this matter determined in ruling upon ADT's motion to dismiss that Blazek could proceed on his ADA claim as a "perceived disability" claim. R. 29 at 8.

rightly or wrongly, believes that [plaintiff] has an impairment that substantially limits one or [more] major life activities." *Johnson v. Beach Park Sch. Dist.*, 103 F. Supp. 3d 931, 941 (N.D. Ill. 2015), *aff'd*, 638 F. App'x 501 (7th Cir. 2016) (internal citations omitted). Further, for perceived disability claims, also known as "regarded as" claims, transitory impairments with an actual or expected duration of six months or less are not covered for purposes of a disability claim. 42 U.S.C.A. § 12102(3)(A)–(B); *Baum v. Boeing (China) Co.*, 2020 WL 5763586, at *16 (N.D. Ill. Sept. 28, 2020) (reasoning that plaintiff's description of surgical removal of a tumor was a "transitory" impairment, which did not apply as a disability under the "regarded as" prong for purposes of a disability claim).

In his filings, Blazek has not argued, as required, that ADT believed he had an impairment that substantially limited one or more major life activities. *See Johnson*, 103 F. Supp. 3d at 941. As ADT argues, the decisionmaker never met Blazek, and could not have perceived him as disabled. DSOF ¶¶ 38–39. Blazek does not dispute this fact, and does not argue, or support with evidence, any allegation that Nixdorf perceived him as impaired in performing a range of jobs or in various classes, or substantially limited in any other major life activity. *Moore v. J.B. Hunt Transp., Inc.*, 221 F.3d 944, 954 (7th Cir. 2000) (affirming summary judgment and declining to find that plaintiff's termination as a result of a condition was sufficient to establish his employer perceived him as disabled). Further, by Blazek's own description, his condition was "transitory," and therefore could not have formed the basis for a

17

perceived disability claim. *See* PSOAF ¶ 15. Thus, Blazek fails to establish the first element of an ADA claim.

Nevertheless, even if Blazek has established the first element of a disability claim, the Court agrees with ADT that the undisputed facts establish that Blazek was unable to perform the essential functions of his position. Blazek himself acknowledged his inability to perform the essential functions of his position. Pl.'s Resp. DSOF ¶¶ 16–17. Therefore, Blazek cannot succeed on his ADA claim for this independent reason. Here, it is undisputed that Blazek's position required a certain level of physical activity (walking, squatting, kneeling, climbing, etc.), and that he was restricted from those activities. *Id.* ¶¶ 27-28; *Kotaska v. Fed. Express Corp.*, 966 F.3d 624, 632 (7th Cir. 2020) (affirming grant of summary judgment on ADA discrimination claim where it was undisputed that employee was unable to lift packages, an essential function of her job, and therefore she was not a qualified individual).

Finally, as fully explained in Section I(A), *supra*, Blazek failed to adduce any admissible evidence regarding similarly situated employees of ADT, as required, and for this other reason his ADA claim fails. Because Blazek has not established a prima facie case of disability discrimination, the Court does not reach the question of whether there was pretext.

Thus, the Court grants ADT summary judgment on Blazek's ADA claim.

## II.    IPRRA Claim

Blazek also asserts a claim under IPRRA. FAC at 10. The IPRRA requires employers to grant employees "at least 2 inspection requests … in a calendar year" to see their personnel files. 820 ILCS 40/2. These inspections include the right to see "any personal documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action." *Id*. If an employer violates the IPRRA, an employee may commence an action in the circuit court to compel compliance, if necessary, but only where efforts to resolve the employee's complaint concerning such violation … have failed." *Id*. To satisfy this requirement, employees must file a complaint with the Department of Labor and receive its rejection before filing a lawsuit. 820 ILCS 40/12 (b)–(c).

As a preliminary matter, ADT argues that Blazek admitted in his deposition that he received a copy of his personnel file in the course of this litigation. Memo. Summ. J. at 12. ADT asserts that while Blazek maintains that some documents were missing, the only documents he could identify during his deposition were rewards for efficiency and letters from customers. Blazek admits this is correct. Pl.'s Resp. DSOF ¶¶ 43–44.[5] In any event, argues ADT, it is entitled to summary judgment on Blazek's IPRRA claim for three reasons. First, Blazek was required to file a complaint with the Illinois Department of Labor as a prerequisite to filing a claim under the IPRRA,

---

[5]In his FAC, Blazek alleges additional documents were missing from his personnel file, however during his deposition he did not identify any other records that were missing. FAC ¶ 30.

but he has failed to produce any evidence of such complaint. Memo. Summ. J. at 13. Second, it is undisputed that ADT sent Blazek 776 pages of documents and there is no evidence that the alleged missing documents were ever placed in his file or used to make employment decisions regarding Blazek. *Id.*; Pl.'s Resp. DSOF ¶ 42. Lastly, even if the alleged missing documents fell within the scope of the IPRRA, Blazek has failed to demonstrate that ADT's non-disclosure caused Blazek any harm. *Id.*

The Court agrees with ADT. To the extent Blazek contends that files such as rewards for efficiency and letters from customers were not included in his file, he has adduced no evidence to rebut ADT's assertion that the files he complains of were not used to make any employment decision regarding Blazek. *Scurto v. Commonwealth Edison Co.*, 2000 WL 1624827, at *19 (N.D. Ill. Sept. 28, 2000) (finding no violation of the IPRRA where plaintiff failed to rebut employer's assertion that certain documents not contained in her personnel file were not used to make any employment decision for plaintiff). Further, to the extent Blazek late-identifies files he believes were missing from his personnel file – *see* Declaration ¶¶ 16–18 – this contradicts his deposition testimony and his admission to ADT's statement of facts. *See Com. Underwriters Ins. Co.*, 259 F.3d at 799. For that reason, the Court need not consider it. Finally, Blazek does not allege any damages from the purported violation of the IPRRA.

Thus, the Court grants ADT summary judgment on Blazek's IPRRA claim.

**Conclusion**

For the foregoing reasons, ADT's motion for summary judgment [51] is granted. The Court enters summary judgment in favor of ADT and against Blazek. Civil case terminated.


Dated: February 23, 2023

United States District Judge
Franklin U. Valderrama